**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0494n.06

**No. 08-5357**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 15, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| OMONIYI Y. ADEBISI, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| THE UNIVERSITY OF TENNESSEE, | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Dr. Omoniyi Adebisi appeals summary judgment in favor of the University of Tennessee ("UT") on his claim of employment discrimination based on race and national origin in violation of Title VII, 42 U.S.C. § 2000e-5. We affirm.

The district court properly determined that Dr. Adebisi met his initial burden for his national origin discrimination claim, but failed to make a *prima facie* showing of race discrimination, because he failed to show that a similarly-situated, non-protected person was treated more favorably.

To demonstrate a *prima facie* case of discrimination, the plaintiff must show that "(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). To qualify as "similarly-situated," an

individual "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Hollins v. Atl. Co.*, 188 F.3d 652, 659 (6th Cir. 1999).

Dr. Adebisi satisfied the first three elements of a *prima facie* case. Because he was not replaced by another Fellow, to satisfy the fourth prong he needed to show that a similarly-situated, non-protected employee was treated more favorably. The district court properly identified Dr. Byrd, the only other Fellow and an African - American, as the only similarly-situated employee. However, as Byrd is of the same racial group as Dr. Adebisi, he is not a "non-protected employee" for the purposes of the race discrimination claim. Thus, the district court properly granted summary judgment to UT on the race discrimination claim.

As for the national origin discrimination claim, the district court correctly concluded that UT offered legitimate, nondiscriminatory reasons to take adverse action against Dr. Adebisi. Soon after Dr. Adebisi started the Fellowship, the faculty and physicians became concerned about his lack of knowledge, lack of surgical and outpatient procedural skills, attitude, and treatment of patients, residents, and staff. These concerns were based on professional judgment after several interactions with and observations of Dr. Adebisi. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (providing that an employer's decision should be "reasonably informed and considered"). They constitute valid reasons for UT's actions.

The district court also properly held that Dr. Adebisi failed to meet his burden of establishing that UT's articulated reason for taking adverse action was pretext for unlawful discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In order to show pretext, a plaintiff must demonstrate that the defendant's proffered reason for taking adverse action either: (1) had no basis in fact; (2) did not actually motivate the adverse employment action; or (3) was insufficient to motivate the adverse action. *See Vincent v. Brewer Co.*, 514 F.3d 489, 497 (6th Cir. 2007); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000). A plaintiff's "conclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992).

Dr. Adebisi did not present sufficient facts to offset UT's properly supported summary judgment motion. His disagreement with UT's opinion of his competence and general conduct and his conclusory statements that UT's reasons were false are insufficient to prove pretext. Although Dr. Adebisi believes his actions were appropriate, he presents no evidence to show that UT's adverse actions were not based on an honestly believed contrary opinion. There is no question that he knew of the faculty's and physicians' concerns, that such concerns were communicated to him on multiple occasions throughout the Fellowship, and that the decision to remove him from clinical responsibilities or the Fellowship was communicated to him on the same day. Dr. Adebisi did not show suspicious timing or that UT faculty believed his skill or surgical ability warranted a certificate of completion.

The district court did not err by adopting UT's proposed statement of the facts. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court's factual findings only included undisputed facts, and there is no indication that it failed to consider additional relevant or material facts or disputes submitted by Dr. Adebisi.

AFFIRMED.